JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Anthony Stokes,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>　　　　Defendants. | No. CV 04-2845-PHX-DGC-(MEA)<br><br>**ORDER** |

Plaintiff, a county jail inmate at the Towers Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$150.00** for this action.[1]

---

[1] Effective February 7, 2005, the filing fee for a civil rights action increased from $150.00 to $250.00. See 28 U.S.C. § 1914, amended by, Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809, Sec. 307 (December 8, 2004). Plaintiff's Complaint is not subject to the increased fee because it was filed prior to the effective date of the increase.

1    An initial partial filing fee of $6.23 will be assessed by this Order.  28 U.S.C. §
2 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the
3 initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.
4    Plaintiff will be obligated for monthly payments of 20 percent of the preceding
5 month's income credited to Plaintiff's trust account.  The Court will direct the appropriate
6 agency to collect these monthly payments, which will be forwarded to the Clerk of Court
7 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
8 28 U.S.C. § 1915(b)(2).
9    Plaintiff should take notice that if he is released before the filing fee is paid in full, he
10 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
11 release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
12 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
13 he is unable to pay the remainder of the filing fee.

14 **B.    Statutory Screening of Prisoner Complaints**

15    The Court is required to screen complaints brought by prisoners seeking relief against
16 a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
17 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
18 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
19 may be granted, or that seek monetary relief from a defendant who is immune from such
20 relief. 28 U.S.C. § 1915A(b)(1), (2).

21 **C.    Claims and/or Parties to be Served and/or Dismissed**

22    *1.  Service*

23    In his Complaint Plaintiff alleges that the jail is severely overcrowded, the living
24 conditions are unsanitary, his physical health is in jeopardy, his medical care is inadequate,
25 and he has not received his medically prescribed meals.  These allegations adequately state
26 a claim, and the Court will require an answer to the Complaint.
27 //
28 //

TERMPSREF                                      - 2 -

*2. Dismissal*

**a. Maricopa County Sheriff's Office**

The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's Office will be dismissed from this action as an improper Defendant. Plaintiff cannot amend to cure this deficiency.

**b. Towers Jail Facility**

The Towers Jail Facility is not a proper Defendant to this action. Claims under §1983 are directed at "bodies politic and corporate." Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 688-89 (1978). Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. Id. at 689-690. Because a jail is neither a corporation nor a body politic, it is not a person for purposes of §1983, and accordingly, the Towers Jail Facility will be dismissed.

**c. Hart v. Hill**

Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CV 77-0477-PHX-EHC (D. Ariz.), claiming that the conditions of his confinement violate that decision. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge

constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action. Instead, his allegations must separately state a violation of a constitutional right. At this juncture, as described *supra*, Plaintiff's allegations do state a claim for a constitutional violation. He cannot, however, seek to enforce Hart v. Hill in this civil rights action.

### D.     **Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. The Director of the Arizona Department of Corrections or her designee shall collect from Plaintiff's trust account an initial partial filing fee in the amount of $6.23 and shall forward the amount to the Clerk of Court. Said payment shall be clearly identified by the name and number assigned to this action.

(2) The Director of the Arizona Department of Corrections or her designee shall collect the filing fee from Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's trust account and forwarding the payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the name and number assigned to this action.

(3) The following Defendants are dismissed without prejudice: Maricopa County Sheriff's Office, Towers Jail Facility.

(4) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

1    (5) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days
2 of the date of filing of this Order.  The United States Marshal will not provide service of process if
3 Plaintiff fails to comply with this Order.

4    (6) If Plaintiff does not either obtain a waiver of service of the summons or complete service
5 of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint
6 or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to
7 each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local
8 Rule of Civil Procedure 16.2(b)(2)(B)(i).

9    (7)  The United States Marshal shall retain the Summons, a copy of the Complaint, and a
10 copy of this Order for future use.

11    (8) The United States Marshal shall notify Defendants of the commencement of this action
12 and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil
13 Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file
14 waivers of service of the summons or requests for waivers that were returned as undeliverable as
15 soon as they are received.  If a waiver of service of summons is not returned by a Defendant within
16 thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

17    (a)  Personally serve copies of the Summons, Complaint, and this Order upon the
18    Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

19    (b)  Within 10 days after personal service is effected, file the return of service for the
20    Defendant, along with evidence of the attempt to secure a waiver of service of the summons
21    and of the costs subsequently incurred in effecting service upon the Defendant.  The costs
22    of service shall be enumerated on the return of service form (USM-285) and shall include
23    the costs incurred by the Marshal for photocopying additional copies of the Summons,
24    Complaint, or this Order and for preparing new process receipt and return forms (USM-285),
25    if required.  Costs of service will be taxed against the personally served defendant pursuant
26    to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by
27    the Court.

28    (9) **A Defendant who agrees to waive service of the Summons and Complaint shall**

**return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(12) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(14) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(15) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

1   Dated this 13th day of October, 2005.

                                                           */s/ David G. Campbell*
                                                           David G. Campbell
                                                           United States District Judge