1                                                                                          BL

2      **WO**

3

4

5

6                      **IN THE UNITED STATES DISTRICT COURT**

7                          **FOR THE DISTRICT OF ARIZONA**

8
       David Anthony Stokes,                    )        No. CV 04-2845-PHX-DGC (MEA)
9                                               )
                      Plaintiff,                )        **ORDER**
10                                              )
       vs.                                      )
11                                              )
       Joseph Arpaio,                           )
12                                              )
                      Defendant.                )
13     _____ )

14             In this civil rights action brought by a *pro se* inmate, Defendant has moved to dismiss

15     (Dkt. #9) for lack of exhaustion.  Plaintiff has responded (Dkt. #12) and Defendant has

16     replied (Dkt. #14).  The Court will deny Defendant's motion.

17     **A.     Background**

18             Plaintiff filed a 42 U.S.C. § 1983 action naming as Defendants Maricopa County

19     Sheriff's Office, Towers Jail Facility, and Joseph Arpaio (Dkt. #1).  Plaintiff alleged that his

20     constitutional rights were violated by (1) overcrowding, (2) unsanitary conditions, and (3) the

21     failure to provide him with an appropriate diet to accommodate his medical condition (Dkt.

22     #1).  This Court dismissed Defendants Maricopa County Sheriff's Office and Towers Jail

23     Facility, and ordered Defendant Arpaio to answer the Complaint (Dkt. # 4).

24             Defendant subsequently filed a Motion to Dismiss, arguing that Plaintiff failed to

25     exhaust his administrative remedies (Dkt. #9).  Defendant maintained that Count III should

26     be dismissed without prejudice and that Plaintiff should be allowed to amend his Complaint

27     to limit Counts I and II to exhausted claims (Id. at 6).  Attached to the motion were (1)

28     Maricopa County Inmate Grievance Polices, (2) various inmate grievances filed by Plaintiff,

1    and (3) an affidavit of Zelean Tademy, Maricopa County Sheriff's Officer (Dkt. #10).

2    Plaintiff filed several inmate grievances, including the following:

3        An inmate grievance alleging that Plaintiff suffered from a staph infection due
         to unsanitary and overcrowded conditions, and that he had to pay a co-pay for
4        the medical treatment. Plaintiff appealed the grievance to the jail commander,
         stating that he suffered from staph infections and did not believe he should
5        have to pay a medical co-pay. The jail commander responded to Plaintiff's
         complaint regarding the co-payment. Plaintiff then appealed to the external
6        referee, again grieving the fact that he did not have a choice of providers and
         had to pay for medical services because his medical problems were the result
7        of overcrowding and unsanitary conditions. The external referee responded
         that the co-pays would be paid according to law and policy, and that there was
8        no evidence to suggest that overcrowding and an unsanitary environment were
         the cause of his infections. (Dkt. #10, exh. D, tab 2).

9

10    Plaintiff filed a Response, arguing that he exhausted his remedies (Dkt. #12).  He

11   further asserted that he does not have access to the full policy regarding inmate grievances

12   (Id.).  Plaintiff attached copies of various grievances demonstrating his efforts to grieve the

13   issues regarding his diet (Dkt. #12).

14    Defendant responded by withdrawing his motion as to Count III – the claim

15   concerning Plaintiff's diet (Dkt. # 14). Defendant maintains, however, that Plaintiff failed

16   to exhaust his claims of overcrowding and unsanitary conditions (Id.). Defendant

17   acknowledges that Plaintiff exhausted his claim of being housed without running water, but

18   argues that this issue is so intertwined with Counts I and II that the Complaint should be

19   dismissed without prejudice so that Plaintiff may file an Amended Complaint containing only

20   exhausted claims (Id.).

21   **B.    Legal Standard**

22    Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may

23   not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all

24   available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017

25   (9th Cir. 2006).  Exhaustion is mandated "regardless of the relief offered through

26   administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in

27   all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). The

28   purpose of the exhaustion requirement is to "afford corrections officials time and opportunity

1   to address complaints internally before allowing the initiation of a federal case." Brown v.

2   Valoff, 422 F.3d 926, 936 (9th Cir. 2005) (quoting Porter, 534 U.S. at 525).

3   "The defendants have the burden of raising and proving a prisoner's failure to exhaust

4   under the PLRA." Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct.

5   647 (2005).  The Court considers exhaustion as a matter of abatement in an unenumerated

6   Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and

7   decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

8   The Court has broad discretion as to the method to be used in resolving the factual dispute.

9   Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).

10  **C.      Analysis**

11  According to the documents attached to the Motion to Dismiss, an inmate should seek

12  to resolve a conflict through the Maricopa County Jail System's Inmate Grievance

13  Procedures.  Specifically, an inmate who wishes to file a grievance will be provided a

14  Grievance Form upon request, and must submit the form to a detention officer.  The

15  grievance is forwarded to the shift Supervisor and then to the Hearing Officer.  If the Hearing

16  Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail

17  commander, whose decision may be appealed to an External Referee.  The External

18  Referee's decision is final.

19  Plaintiff alleges that his constitutional rights were violated due to (1) overcrowding,

20  (2) unsanitary conditions, and (3) the failure to provide him with an appropriate diet (Dkt.

21  #1).  Defendants concede that Plaintiff exhausted his administrative remedies as to Count III.

22  According to the exhibits introduced by Defendant, Plaintiff filed an inmate grievance

23  regarding overcrowding and unsanitary conditions (Dkt. #10, exh D, tab 2 at unnumbered 1).

24  Further, Plaintiff appealed the denial of his grievances to the external referee, who responded

25  by addressing the co-pay issue and finding that there was no evidence to suggest that the jail

26  conditions of overcrowding and unsanitary environment were the cause of his staph

27  infections (Dkt. #10, exh. D, tab 2 at unnumbered 7).  Based on this evidence, Plaintiff filed

28  an inmate grievance concerning overcrowding and unsanitary conditions.  Although the jail

1   commander did not specifically address the issues, the external referee did.  Plaintiff thereby

2   afforded Defendant time and an opportunity to address his complaints regarding

3   overcrowding and unsanitary conditions "internally before allowing the initiation of a federal

4   case."  See Brown, 422 F.3d at 936.  Defendant's Motion to Dismiss will be denied.

5       **IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. # 9) is **denied.**

6       DATED this 13th day of June, 2006.

7

8

9   _____

10                  David G. Campbell
                United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28