**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

DAVID ANTHONY STOKES,              )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      CIV 04-02845 PHX DGC (MEA)
                                   )
JOSEPH ARPAIO,                     )      REPORT AND RECOMMENDATION
                                   )
            Defendant.             )
_____   )

**TO THE HONORABLE DAVID G. CAMPBELL:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation, are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C). Before the Court is Plaintiff's motion for leave to amend his complaint (Docket No. 22).

**Background**

Plaintiff, presently incarcerated in the Arizona State Prison in Florence, Arizona, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 9, 2004. Docket No. 1. On October 14, 2005, the Court ordered Defendant to answer

1    Plaintiff's allegation that Defendant violated Plaintiff's

2    Eighth Amendment rights by serving him inadequate meals, given

3    his medical condition, and by subjecting him to overcrowded and

4    unsanitary living conditions at the Towers Jail facility while

5    Plaintiff was a pre-trial detainee.  <u>See</u> Docket No. 4.   The

6    Court dismissed the Maricopa County Sheriff's Office and the

7    "Towers Jail" as defendants in the order of October 14, 2005.

8    <u>Id.</u>  On June 14, 2006, the Court denied Defendant's motion to

9    dismiss based on a failure to exhaust administrative remedies.

10   <u>See</u> Docket No. 16.

11          The parties have engaged in limited discovery.

12   Discovery is to be completed by December 1, 2006.  The deadline

13   for filing dispositive motions is December 29, 2006.  <u>See</u> Docket

14   No. 17.  Pursuant to a scheduling order issued by the Court on

15   June 16, 2006, Plaintiff was allowed until September 22, 2006,

16   to amend his complaint.  <u>See</u> <u>id.</u>  Plaintiff'S proposed First

17   Amended Complaint was docketed as lodged September 28, 2006, and

18   was signed September 22, 2006.  <u>See</u> Docket No. 24. Defendant

19   Arpaio has not responded to Plaintiff's motion for leave to file

20   an amended complaint, but filed an answer to the original

21   complaint on November 3, 2006.  <u>See</u> Docket No. 25.

22          Plaintiff's lodged amended complaint seeks to amend his

23   complaint to add defendants.  <u>See</u> Docket No. 24.   Plaintiff

24   seeks to add as defendants, Fulton Brock, Don Stapley, Andrew

25   Kunasek, Max Wilson, and Mary Rose Wilcox, as individuals and in

26   their capacities as the Maricopa County Board of Supervisors.

27   <u>Id.</u> at 2.  Plaintiff contends these individuals, as "the final

28                                  -2-

1  policy-makers for Maricopa County [are] the officials most
2  responsible for the operation, management and control of the
3  MCSO." Id.

4          Plaintiff also seeks leave to amend to plead
5  "improperly pled factual allegations and legal claims for
6  relief." Id. at 4.  Plaintiff seeks to assert both Eighth
7  Amendment and Fourteenth Amendment claims.  Plaintiff asserts
8  that, in addition to failure to provide him with an adequate
9  diet, Defendants otherwise failed to provide Plaintiff with
10 "reasonably adequate medical care," in violation of his right to
11 be free of cruel and unusual punishment and in violation of his
12 right to due process.

13                          **Analysis**

14         Rule 15(a), Federal Rules of Civil Procedure, provides
15 that a plaintiff should be given leave to amend his complaint
16 when justice so requires.  See, e.g., United States v. Hougham,
17 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United
18 States, 481 F.2d 1187, 1190 (9th Cir. 1973).  Leave to amend a
19 complaint should be granted if it appears at all possible that
20 the plaintiff can correct a defect in his complaint.  See Lopez
21 v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  "Thus Rule 15's
22 policy of favoring amendments to pleadings should be applied
23 with extreme liberality. This policy is applied even more
24 liberally to pro se litigants." Eldridge v. Block, 832 F.2d
25 1132, 1135 (9th Cir. 1987) (internal citations and quotations
26 omitted).

27

28                              -3-

1    In screening pro se prisoner complaints the Court is

2 obliged to liberally construe the complaint:

3         The handwritten pro se document is to be
          liberally construed. . . . [A] pro se
4         complaint, "however inartfully pleaded," must
          be held to "less stringent standards than
5         formal pleadings drafted by lawyers" and can
          only be dismissed for failure to state a
6         claim if it appears "'beyond doubt that the
          plaintiff can prove no set of facts in
7         support of his claim which would entitle him
          to relief.'"

8

9 Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)

10 (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594,

11 596 (1972)).

12    In exercising its discretion with regard to a motion to

13 amend a complaint filed after a responsive pleading, the Court

14 should consider the prejudice to the opposing party and the

15 futility of allowing the amendment.    See Schlachter-Jones v.

16 General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991).   "[T]he

17 policy of allowing the amendments of pleadings must be tempered

18 with considerations of undue delay, bad faith or dilatory motive

19 on the part of the movant, repeated failure to cure deficiencies

20 by amendments previously allowed, undue prejudice to the

21 opposing party by virtue of allowance of the amendment, futility

22 of amendment, etc."   Id. at 443 (internal quotations omitted).

23 The Court would have to dismiss a claim added to a complaint if

24 the plaintiff raised a claim that was legally frivolous or

25 malicious, that failed to state a claim upon which relief may be

26 granted, or that sought monetary relief from a defendant who is

27 immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp.

28                                -4-

1  2006).

2          Only defendants which are "persons" can be sued

3  pursuant to section 1983.  To state a claim against a government

4  unit pursuant to section 1983, the plaintiff must establish an

5  affirmative causal link between a governmental policy or

6  practice and the alleged constitutional violation.  See City of

7  Canton v. Harris, 489 U.S. 378, 385-85, 109 S. Ct. 1197, 1203

8  (1989); Monell v. Department of Soc. Servs., 436 U.S. 658,

9  690-95, 98 S. Ct. 2018, 2035-38 (1978).  While a county is a

10  "person" for purposes of section 1983, counties are liable only

11  for rights deprivations pursuant to official custom or policy.

12  See Monell, 436 U.S. at 690-95, 98 S. Ct. at 2035-38.

13              In order to hold the County liable under §
               1983, [the plaintiff] must show "(1) that he
14              possessed a constitutional right of which he
               was deprived; (2) that the [County] had a
15              policy; (3) that the policy 'amounts to
               deliberate indifference' to [the plaintiff's]
16              constitutional right; and (4) that the policy
               is   the   'moving   force   behind   the
17              constitutional   violation.'"      Oviatt   v.
               Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)
18              (quoting City of Canton v. Harris, 489 U.S.
               378, 389-91, 109 S. Ct. 1197, 103 L. Ed. 2d
19              412 (1989)).

20  Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006).

21          Additionally, there is no respondeat superior liability

22  pursuant to section 1983.  To state a claim against a government

23  official, the civil rights plaintiff must allege the official

24  personally participated in the constitutional deprivation or

25  that a governmental supervisory official was aware of the

26  widespread abuses and acted with deliberate indifference to the

27  plaintiff's constitutional rights or failed to take action to

28                                  -5-

1  prevent further misconduct.  See Rizzo v. Goode, 423 U.S. 362,

2  377 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

3           Plaintiff contends the Board of Supervisors:

4           intentionally, deliberately, and with gross
            disregard, delayed or denied adequate funding
5           to Defendant Arpaio in order for Defendant
            Arpaio to relieve the overcrowded conditions
6           at the TJF in a timely manner or fashion.
            Further, due to the long standing-nature of
7           these conditions created as a direct result
            of the policies, practices and procedures of
8           Defendant Arpaio, Defendant Maricopa County
            Board of Supervisors knew or should have
9           known that the TJF was so grossly overcrowded
            as to amount to an infringement of
10          Plaintiff's constitutionally secured rights
            and intentionally, deliberately and with
11          gross disregard, failed to provide adequate
            resources to alleviate them.
12
Id. at 6.
13
             Plaintiff contends these actions resulted in the wanton
14
   infliction of unnecessary pain, proscribed by the Eighth
15
   Amendment.  Plaintiff contends his liberty interest in being
16
   free of the intentional, wanton infliction of pain without due
17
   process of law, pursuant to the Fourteenth Amendment, was
18
   violated by Defendants.  Id. at 7.  The amended complaint seeks
19
   declaratory relief, compensatory and punitive damages, and
20
   Plaintiff's fees in litigating this matter.  Id. at 8.
21
             The Board of Supervisors is not a proper defendant to
22
   this action.  Local government bodies, such as Arizona counties,
23
   are persons under § 1983 and may be sued for constitutional
24
   injuries.  However, liability may only be imposed on the county
25
   if the plaintiff establishes that his injuries were inflicted
26
   pursuant to an official county policy or custom, or by
27

28                              -6-

1  deliberate indifference rising to a level of official custom.

2  See Anderson, 451 F.3d at 1070; Gibson v. County of Washoe, 290

3  F.3d 1175, 1185-86 (9th Cir. 2002); Thompson v. City of Los

4  Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A section 1983

5  claim against an Arizona county "cannot succeed as a matter of

6  law" unless the plaintiff: (1) contends that the county

7  maintains a policy or custom pertinent to his alleged injury;

8  and (2) alleges how the policy or custom caused the plaintiff's

9  injury.  See Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir.),

10  cert. denied, 126 S. Ct. 2864 (2006).

11        Official county policy may only be set by an official

12  with "final policymaking authority."   Thompson, 885 F.2d at

13  1443.   To identify those officials with "final policymaking

14  authority," the Court looks to state law.  Id.  In Arizona, the

15  responsibility of operating jails is placed by law upon the

16  sheriff, not on the county's Board of Supervisors.  See Ariz.

17  Rev. Stat. Ann. §§ 11-441(A)(5) & 31-101.  Therefore, the Board

18  of Supervisors is not liable to Plaintiff under § 1983 because

19  it lacks authority to establish an official policy with respect

20  to the operation of the jail. Further, the Board of Supervisors

21  cannot be held liable for the actions of the sheriff or his

22  deputies on a theory of respondeat superior liability.  See

23  Thompson, 885 F.2d at 1443.  Accordingly, Plaintiff should not

24  be allowed to amend his complaint to name the members of the

25  Maricopa County Board of Supervisors as defendants in this

26  matter.

-7-

1    A claim that the defendants failed to provide a
2  pretrial detainee with adequate medical care and that they
3  subjected him to improper living conditions is properly asserted
4  as a Fourteenth Amendment claim, and not as a claim regarding
5  cruel and unusual punishment pursuant to the Eighth Amendment.
6  See Robinson v. Pickett, 16 Fed. App. 577, 579 (9th Cir. 2001)[1];
7  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Estate of
8  Cole by Pardue v. Fromm, 94 F.3d 254, 259 & n.1 (7th Cir. 1996).
9  Cf. Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (noting
10 the "more restrictive" Fourteenth Amendment provisions apply to
11 pretrial detainees, and the Eighth Amendment applies to those
12 who have been convicted of a crime), cert. denied, 126 S. Ct.
13 351 (2005).    Therefore, Plaintiff's motion to amend his
14 complaint to state a claim that his Eighth Amendment right was
15 violated by Defendants should be denied for failure to state a
16 claim on which relief may be granted.

17
18
19
20
    [1]
21  If a claim implicates a specific constitutional right, then
    the claim should be analyzed under the standard that
22  governs that right, and not under the Due Process Clause of
    the Fourteenth Amendment.[]. Moreover, prison inmates, in
23  contrast with pretrial detainees or persons with
    unrestricted liberty, are protected against unjustified
24  force by the Cruel and Unusual Punishments Clause of the
    Eighth Amendment and gain no greater protection from the
25  Fourteenth Amendment.   []. Thus, the district court was
    correct in analyzing [the plaintiff's] cruel and unusual
26  punishment allegations exclusively under the Eighth
    Amendment.
27 (internal citations omitted).

28                              -8-

**Conclusion**

Plaintiff should not be allowed to amend his complaint to add improper defendants to this suit.  Additionally, Plaintiff should not be allowed to amend his complaint to add an Eighth Amendment claim, when Plaintiff asserts that, at all times relevant to his complaint, he was a pre-trial detainee. Plaintiff's claim does not appear to allege facts not included in the original complaint.

**THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Docket No. 22) be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia,

-9-

1 | 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S.

2 | 900 (2003).  Failure to timely file objections to any factual or

3 | legal determinations of the Magistrate Judge will constitute a

4 | waiver of a party's right to appellate review of the findings of

5 | fact and conclusions of law in an order or judgment entered

6 | pursuant to the recommendation of the Magistrate Judge.

7 |         DATED this 6th day of November, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-10-