**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Anthony Stokes,<br><br>        Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>        Defendant. | No. CV-04-2845-PHX-DGC (MEA)<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion for leave to file a first amended complaint ("motion to amend") and United States Magistrate Judge Mark Aspey's report and recommendation ("R&R"). Dkt. ##23, 26. The R&R recommends that the Court deny the motion to amend. Dkt. #26 at 9. Plaintiff has filed an objection to the R&R. Dkt. #27. For the reasons set forth below, the Court will accept the R&R in part, reject it in part, and deny the motion to amend.

**I.    Background.**

Plaintiff is a prisoner currently confined at the Arizona State Prison in Florence, Arizona ("ASP-Florence"). Beginning in May 2004, Plaintiff was detained on various criminal charges at a Maricopa County jail known as "Towers Jail." Plaintiff commenced this suit on December 9, 2004 by filing a pro se complaint under 42 U.S.C. § 1983 against

1   Towers Jail, the Maricopa County Sheriff's Office ("MCSO"), and Sheriff Arpaio. Dkt. #1.
2   The complaint alleges violations of Plaintiff's Eighth Amendment rights based on
3   overcrowded and unsanitary conditions at Towers Jail and a denial of Plaintiff's medically
4   necessary diet. *Id.*

5   On October 14, 2005, the Court ordered Sheriff Arpaio to answer the complaint.
6   The Court dismissed Towers Jail and the MCSO because they are non-jural entities. Dkt. #4
7   at 2-3. The Court denied Sheriff Arpaio's motion to dismiss on June 14, 2006. Dkt. #16.
8   Magistrate Judge Aspey issued a scheduling order on June 16, 2006. Dkt. #17.

**II.   Discussion.**

10  Plaintiff moves to amend the complaint to correct "mistakes concerning the identity
11  of proper parties and improperly pled factual allegations and legal claims for relief."
12  Dkt. #23 at 2. Specifically, Plaintiff seeks to add claims under the Fourteenth Amendment
13  and to add as defendants the members of the Maricopa County Board of Supervisors. *See*
14  Dkt. #24.[1] Plaintiff contends that he should be granted leave to amend the complaint under
15  Rule 15 of the Federal Rules of Civil Procedure. Dkt. #23 at 2.

**A.   The Proposed Fourteenth Amendment Claims.**

17  At the time of the alleged violations in this case, Plaintiff was being held at Towers
18  Jail pending trial on certain criminal charges. Plaintiff asserts that he was transferred to
19  Towers Jail from ASP-Florence, where he was serving a prison sentence on unrelated
20  charges. Defendant Arpaio does not dispute that Plaintiff was both a convicted prisoner and
21  a pretrial detainee while he was confined at Towers Jail.

22  The R&R concludes that because Plaintiff was a pretrial detainee at the time of the
23  alleged violations, his claims are properly brought under the Fourteenth Amendment. Dkt.
24  #26 at 8 (citing *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004)). The R&R recommends
25  that the motion to amend be denied based on the apparent belief that the original complaint
26  asserts Fourteenth Amendment claims and that Plaintiff seeks to add Eighth Amendment

---

[1] The Board members are Fulton Brock, Don Stapely, Andrew Kunasek, Max Wilson, and Mary Rose Garrido-Wilcox. Dkt. #24 ¶ 2.

claims. As mentioned above, however, the original complaint asserts Eighth Amendment claims. Dkt. #1. The motion to amend seeks to add alternative Fourteenth Amendment claims. Dkt. ##23-24.

The Eighth Amendment "prevents the imposition of cruel and unusual punishment on *convicted prisoners.*" *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (emphasis added). Because Plaintiff was a convicted prisoner at the time of the alleged violations, his claims are properly brought under the Eighth Amendment. *See United States v. Johnson*, 953 F.2d 1167, 1171 (9th Cir. 1992) (stating that a pretrial detainee who also was a convicted prisoner was eligible for rehabilitation). The Court accordingly will reject the R&R to the extent it concludes that Plaintiff's claims are properly brought under the Fourteenth Amendment. The Court will deny Plaintiff leave to amend the complaint to add the proposed Fourteenth Amendment claims because the addition of the claims would be futile.[2]

### B.     The Proposed Defendants.

The R&R concludes that adding the proposed defendants would be futile because members of the Board of Supervisors cannot be held liable under § 1983 because the Board lacks authority to establish official policy with respect to the operation of the County jails. Dkt. #26 at 7. The R&R notes that Sheriff Arpaio has the responsibility of operating the County jails. *Id.* (citing A.R.S. §§ 11-441(A)(5)). Plaintiff alleges that the Board of Supervisors is liable under § 1983 because it had a policy or custom of not providing adequate funding for the construction and maintenance of the County jails and that this

---

[2]This ruling is not prejudicial to Plaintiff because the "deliberate indifference" standard applies to his claims whether they are brought under the Eighth Amendment or the Fourteenth Amendment. *See Redman v. County of San Diego*, 942 F.2d 1435, 1442 (9th Cir. 1991) (en banc); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995); *see also Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997) ("[W]e borrow from Eighth Amendment principles in determining the care to be afforded pre-trial detainees. . . . Convicted prisoners and pre-trial detainees are [both] entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'") (citations omitted); *Jones v. Johnson*, 781 F.2d 769, 772 (9th Cir. 1986) ("Although Jones's claim arises under the due process clause, the eighth amendment guarantees provide a minimum standard of care for determining Jones's rights as a pretrial detainee[.]").

1 failure to provide adequate funding caused his constitutional rights to be violated. Dkt. #24
2 ¶ 16; *see* Dkt. #27 at 1-2.

3       The Court concludes that these allegations are sufficient to state a § 1983 claim
4 against the Board members in their official capacities. Municipal liability under § 1983 can
5 result from the unconstitutional actions or omissions of the municipality's final policymakers.
6 *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *City of Canton v.*
7 *Harris*, 489 U.S. 378, 388-90 (1989); *see also Gibson v. County of Washoe*, 290 F.3d 1175,
8 1185 (9th Cir. 2002) (discussing the two routes to municipal liability under § 1983).
9 Whether a particular official has final policymaking authority is a matter of state law. *See*
10 *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997); *Cortez v. County of L.A.*, 294 F.3d
11 1186, 1189 (9th Cir. 2002). While Sheriff Arpaio is the final policymaker with respect to the
12 operation of County jails, *see* A.R.S. § 11-441(A)(5), the Board of Supervisors has final
13 policymaking authority with respect to the appropriation of funds for the construction and
14 maintenance of the jails. *See* A.R.S. § 11-251(8); *Falcon v. Sandoval*, 144 P.3d 1254, ¶¶
15 15-16 (Ariz. 2006) (en banc) (stating that the board of supervisors has general supervisory
16 powers and policy-making responsibility for the county and that the board's powers include
17 erecting jails) (citing A.R.S. § 11-251(8)); *Judd v. Bollman*, 803 P.2d 138, 140 (Ariz. Ct.
18 App. 1991) (discussing statutes regarding the power of the board of supervisors "to
19 appropriate funds for the creation and maintenance of the county jails"); *see also* A.R.S. §
20 31-121(C) (providing that the county board of supervisors "may enter into contracts for
21 furnishing food for persons who are confined in the county jail"). The Court accordingly will
22 reject the R&R to the extent it concludes that the claims against the Board members would
23 be futile. *See Jones v. Johnson*, 781 F.2d 769, 772 (9th Cir. 1986) (holding that the plaintiff
24 properly stated claims against county commissioners where the plaintiff alleged that he was
25 denied necessary medical treatment due to budgetary constraints).

26       Futility of the proposed amendment, however, is only one of the factors the Court
27 should consider in deciding whether to grant Plaintiff leave to amend. Prejudice to the
28 opposing party, bad faith underlying the amendment, or undue delay in litigation all may

overcome the liberal amendment standard set forth in Rule 15.  *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Plaintiff's proposed amended complaint adds five new defendants to this action.  *See* Dkt. #24.  Plaintiff states that he seeks merely to correct "mistakes concerning the identity of the proper parties," Dkt. #23 at 2, but he does not explain why these purported mistakes could not have been corrected when his original complaint was filed or during the ensuing year.  In evaluating undue delay, the Court looks to whether Plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen*, 465 F.3d at 953 (internal quotations omitted) (upholding district court's denial of leave to amend when pertinent facts were known to plaintiff before filing of original complaint).  Plaintiff admits that his proposed amendments all arise from "the same set of facts and occurrences" that took place prior to the filing of his original complaint.  Dkt. #23 at 2.

Plaintiff filed this action more than two years ago.  Dkt. #1.  Discovery closed on December 1, 2006.  Dispositive motions are due in less than two weeks, on December 29, 2006.  Dkt. #17.  This is not the time for Plaintiff to be adding five new defendants to the case.  The Court concludes that Plaintiff has delayed unduly in seeking to amend his complaint and will therefore deny the motion to amend.[3]

**IT IS ORDERED:**

1. Magistrate Judge Aspey's R&R (Dkt. #26) is **accepted in part** and **rejected in part**.  The R&R is accepted to the extent it recommends that the Court deny Plaintiff's motion to amend.

2. Plaintiff's motion for leave to file a first amended complaint (Dkt. #23) is **denied**.

---

[3] The fact that Plaintiff's motion was filed within the time allowed in the scheduling order does not mean that it is timely for purposes of Rule 15.  *See AmerisourceBergen*, 465 F.3d at 951-53.

3. Plaintiff's motion for leave to file first amended complaint on other than court-approved form (Dkt. #22) is **denied** as moot.

4. The case is **referred** to Magistrate Judge Aspey for further proceedings.

DATED this 18th day of December, 2006.

*David G. Campbell*
———————————————
David G. Campbell
United States District Judge