**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Anthony Stokes,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>    Defendant. | No. CV-04-2845-PHX-DGC (MEA)<br><br>**ORDER** |

On December 19, 2006, the Court issued an order denying Plaintiff leave to amend his complaint. Dkt. #28. Plaintiff has filed a motion for reconsideration of that order. Dkt. #29.

**I.     Background.**

Plaintiff is a prisoner currently confined at the Arizona State Prison in Florence, Arizona. Beginning in May 2004, Plaintiff was detained on various criminal charges at a Maricopa County jail known as "Towers Jail." Plaintiff commenced this suit on December 9, 2004 by filing a pro se complaint under 42 U.S.C. § 1983 against Towers Jail, the Maricopa County Sheriff's Office ("MCSO"), and Sheriff Joseph Arpaio. Dkt. #1. The complaint alleges violations of Plaintiff's Eighth Amendment rights based on overcrowded and unsanitary conditions at Towers Jail and a denial of Plaintiff's medically necessary diet. *Id.*

On October 14, 2005, the Court ordered Sheriff Arpaio to answer the complaint. The Court dismissed Towers Jail and the MCSO because they are non-jural entities. Dkt. #4.

1    On September 22, 2006, Plaintiff filed a motion to amend the complaint pursuant to
2 Rule 15 of the Federal Rules of Civil Procedure. Dkt. #22. Plaintiff sought to add claims
3 under the Fourteenth Amendment and to add as defendants the members of the Maricopa
4 County Board of Supervisors. *See* Dkt. #24.[1]

5    In its December 19 order, the Court denied Plaintiff leave to amend the complaint to
6 add Fourteenth Amendment claims because the addition of the claims would have been futile.
7 Dkt. #28 at 2-3.[2] With respect to the proposed Eighth Amendment claim against the Board
8 members, the Court concluded that Plaintiff's allegations were sufficient to state a § 1983
9 claim against the Board members in their official capacities. *Id.* at 3-4. The Court, however,
10 denied Plaintiff leave to amend to add the Board members as defendants on the ground that
11 Plaintiff had delayed unduly in seeking to amend the complaint. *Id.* at 5 (citing
12 *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)). Plaintiff
13 asks the Court to reconsider this ruling. Dkt. #29.

**II.    Analysis.**

15    This Circuit has made clear that "'undue delay by itself is insufficient to justify
16 denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,
17 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 757, 758 (9th Cir. 1999)); *see*
18 *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1983). "'Only where prejudice
19 is shown or the movant acts in bad faith are courts protecting the judicial system or other
20 litigants when they deny leave to amend a pleading.'" *United States v. Webb*, 655 F.2d 977,
21 980 (9th Cir. 1981) (quoting *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973));
22 *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice
23 is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

---

[1] The Board members are Fulton Brock, Don Stapely, Andrew Kunasek, Max Wilson, and Mary Rose Garrido-Wilcox. Dkt. #24 ¶ 2.

[2] The Court noted that this ruling was not prejudicial to Plaintiff because the "deliberate indifference" standard applies to his claims whether they are brought under the Eighth Amendment or the Fourteenth Amendment. *Id.* at 3 n.2 (citations omitted).

1   Defendant Arpaio did not file a response to Plaintiff's motion to amend the complaint,
2 and the Court's Local Rules of Civil Procedure precluded Defendant from filing a response
3 to Plaintiff's motion for reconsideration. *See* LRCiv 7.2(g). It is thus unclear whether
4 Defendant believes that Plaintiff has acted in bad faith or that Defendant will be prejudiced
5 if Plaintiff is granted leave to amend. Before granting the motion for reconsideration, the
6 Court will give Defendant an opportunity to show that leave to amend should not be allowed
7 under Rule 15. *Id.*; *see DCD Programs*, 833 F.2d at 187 ("The party opposing amendment
8 bears the burden of showing prejudice.").

9   **IT IS ORDERED** that Defendant Arpaio shall file a response to Plaintiff's motion
10 for reconsideration (Dkt. #29) by **February 23, 2007**. No reply shall be filed.

11   DATED this 13th day of February, 2007.

*[signature]*

David G. Campbell
United States District Judge