1  **WO**

2

3

4

5

6           **IN THE UNITED STATES DISTRICT COURT**

7           **FOR THE DISTRICT OF ARIZONA**

8

9

10   David Anthony Stokes,                    )      No. CV-04-2845-PHX-DGC (MEA)
                                              )
11            Plaintiff,                      )      **ORDER**
                                              )
12   vs.                                      )
                                              )
13   Joseph M. Arpaio,                        )
                                              )
14            Defendant.                      )
                                              )

15

16

17         On December 19, 2006, the Court issued an order denying Plaintiff leave to amend

18   his complaint. Dkt. #28. Plaintiff has filed a motion for reconsideration of that order.

19   Dkt. #29. Defendant Arpaio has filed a response to Plaintiff's motion. Dkt. #38. For the

20   reasons set forth below, the Court will grant the motion.

21   **I.      Background.**

22         Plaintiff is a prisoner currently confined at the Arizona State Prison in Florence,

23   Arizona. Beginning in May 2004, Plaintiff was detained on various criminal charges at a

24   Maricopa County jail known as "Towers Jail." Plaintiff commenced this suit on December 9,

25   2004 by filing a pro se complaint under 42 U.S.C. § 1983 against Towers Jail, the Maricopa

26   County Sheriff's Office ("MCSO"), and Sheriff Joseph Arpaio. Dkt. #1. The complaint

27   alleges violations of Plaintiff's Eighth Amendment rights based on overcrowded and

28   unsanitary conditions at Towers Jail and a denial of Plaintiff's medically necessary diet. *Id.*

1    On October 14, 2005, the Court ordered Sheriff Arpaio to answer the complaint.

2  The Court dismissed Towers Jail and the MCSO because they are non-jural entities. Dkt. #4.

3    On September 22, 2006, Plaintiff filed a motion to amend the complaint pursuant to

4  Rule 15 of the Federal Rules of Civil Procedure. Dkt. #22. Plaintiff sought to add claims

5  under the Fourteenth Amendment and to add as defendants the members of the Maricopa

6  County Board of Supervisors. *See* Dkt. #24.[1] Plaintiff asserted in his motion that he was

7  seeking to amend the complaint in good faith and that Defendant Arpaio would not be

8  prejudiced by the amendment. Dkt. #22 at 2-3. Defendant Arpaio did not oppose the

9  motion.

10    In its December 19 order, the Court denied Plaintiff leave to amend the complaint to

11  add Fourteenth Amendment claims because the addition of the claims would have been futile.

12  Dkt. #28 at 2-3.[2] With respect to the proposed Eighth Amendment claims against the Board

13  members, the Court concluded that Plaintiff's allegations were sufficient to state § 1983

14  claims against the Board members in their official capacities. *Id.* at 3-4. The Court,

15  however, denied Plaintiff leave to amend to add the Board members as defendants on the

16  ground that Plaintiff had delayed unduly in seeking to amend the complaint. *Id.* at 5.

17  Plaintiff asks the Court to reconsider this ruling. Dkt. #29.

18  **II.    Analysis.**

19    This Circuit has made clear that "'undue delay by itself is insufficient to justify

20  denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

21  712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 757, 758 (9th Cir. 1999)); *see*

22  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1983) (same). "'Only where

23  prejudice is shown or the movant acts in bad faith are courts protecting the judicial system

24

25

26    [1]The Board members are Fulton Brock, Don Stapely, Andrew Kunasek, Max Wilson, and Mary Rose Garrido-Wilcox. Dkt. #24 ¶ 2.

27    [2]The Court noted that this ruling was not prejudicial to Plaintiff because the

28  "deliberate indifference" standard applies to his claims whether they are brought under the Eighth Amendment or the Fourteenth Amendment. *Id.* at 3 n.2 (citations omitted).

1  or other litigants when they deny leave to amend a pleading.'" *United States v. Webb*, 655

2  F.2d 977, 980 (9th Cir. 1981) (quoting *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir.

3  1973)); *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

4  ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

5      **A.    Prejudice.**

6      Defendant Arpaio contends that he will be prejudiced if Plaintiff is granted leave to

7  amend because Plaintiff has included new facts in the amended complaint and the deadline

8  for deposing Plaintiff has passed. Dkt. #38 at 4.  Defendant further contends that he will be

9  prejudiced if the discovery deadline is extended because it will cause undue delay in getting

10  this matter resolved. *Id.*

11      Defendant does not identify the new facts alleged in the amended complaint or assert

12  that they are material to the claims against him, stating only that he "may or may not want

13  to depose Plaintiff on [the] new facts[.]" *Id.*  Nor does Defendant explain why the delay

14  caused by allowing Plaintiff to add the Board members as defendants would be prejudicial

15  to Defendant.  Defendant himself has recently sought a three-month extension of certain

16  pretrial deadlines, arguing in part that an extension of the deadlines would not unduly delay

17  the case or prejudice the parties. *See* Dkt. #32.

18      "The party opposing amendment bears the burden of showing prejudice." *DCD*

19  *Programs*, 833 F.2d at 187.  In this case, Defendant Arpaio merely asserts, in conclusory

20  fashion, that he would be prejudiced by the proposed amendment.  The Court concludes that

21  Defendant has not demonstrated prejudice sufficient to deny Plaintiff leave to amend.

22      **B.    Bad Faith.**

23      Defendant relies on *Aloe Vera of America, Inc. v. United States*, 233 F.R.D. 532

24  (D. Ariz. 2005), for the proposition that a plaintiff acts in bad faith when he seeks to amend

25  his complaint after depositions have been completed without discovering any new facts.

26  Dkt. #38 at 4. Defendant argues that Plaintiff in this case, like the plaintiff in *Aloe Vera*, has

27  acted in bad faith because he filed his motion to amend the complaint on the deadline for

28  completing depositions without gathering any new evidence during discovery that would

1  justify adding the Board members as defendants.  *Id.* at 5.

2  The Court cannot conclude on the record before it that Plaintiff has acted in bad faith

3  in seeking to amend the complaint in September 2006.  Plaintiff's motion to amend was filed

4  within the period of time set forth in the Rule 16 scheduling order.  *See* Dkt. #17 ¶ 3.

5  Plaintiff has not previously filed or sought leave to file an amended complaint.  *See DCD*

6  *Programs*, 833 F.2d at 186 n.3 (stating that whether the plaintiff has previously amended his

7  complaint is another factor courts may consider in ruling on a motion to amend).  Plaintiff

8  has filed a declaration explaining that as an incarcerated pro se litigant, it was difficult for

9  him to determine that he could assert a § 1983 claim against the Board members under the

10  theory of municipal liability.  Dkt. #29, Ex. B ¶¶ 5-6.  Plaintiff states that he immediately

11  sought leave to amend once he learned of the existence of the additional claims.  *Id.* ¶ 7.

12  Defendant's reliance on *Aloe Vera* is misplaced.  In *Aloe Vera*, the plaintiffs sought

13  to add a new claim against the defendant after the case had been pending for almost five

14  years despite the fact that the plaintiffs were aware of the facts supporting the claim from the

15  beginning of the case.  The district court concluded that the plaintiffs had acted in bad faith

16  because they sought to gain an unfair litigation advantage by waiting to amend their

17  complaint until after they had taken the depositions of the defendants' witnesses.  *Aloe Vera*,

18  233 F.R.D. at 535-36.  There is no evidence in this case that Plaintiff's has sought to add the

19  Board members as defendants in order to gain an unfair litigation advantage with respect to

20  Defendant Arpaio.

21  **C.    Conclusion.**

22  Consistent with the liberal amendment policy of Rule 15, the Court will grant Plaintiff

23  leave to amend the complaint to add as defendants the members of the Maricopa County

24  Board of Supervisors.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares

25  that leave to amend 'shall be freely given when justice so requires'; this mandate is to be

26  heeded."); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) ("'[A] court must be

27  guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than

28  on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to

1  pleadings should be applied with extreme liberality.'") (citations omitted); *DCD Programs*,

2  833 F.2d at 186 ("[T]he liberality in granting leave to amend is not dependent on whether the

3  amendment will add causes of action or parties."). The Court will vacate section II.B of its

4  December 19, 2006 order and direct the Clerk to file the lodged proposed amended

5  complaint. *See* Dkt. ##24, 28 at 3-5. The Court will dismiss Plaintiff's Fourteenth

6  Amendment claims for the reasons set forth in section II.A of the Court's December 19 order.

7  *See* Dkt. ##24 ¶¶ 31-34, 28 at 2-3.

8      **IT IS ORDERED:**

9      1.      Plaintiff's motion for reconsideration (Dkt. #29) is **granted**.

10     2.      Section II.B of the Court's December 19, 2006 order (Dkt. #28) is **vacated**.

11     3.      The Clerk shall file the lodged proposed amended complaint (Dkt. #24).

12     4.      Plaintiff's Fourteenth Amendment claims are **dismissed**.

13     5.      The Clerk shall send Plaintiff service packets, including copies of the amended

14  complaint and this order and both summonses and request for waiver forms, for Defendants

15  Fulton Brock, Don Stapely, Andrew Kunasek, Max Wilson, and Mary Rose Garrido-Wilcox.

16     6.      Plaintiff shall complete and return the service packets to the Clerk within 20

17  days of the date of filing of this order. The United States Marshal will not provide service

18  of process if Plaintiff fails to comply with this order.

19     7.      If Plaintiff does not either obtain a waiver of service of the summons or

20  complete service of the summons and complaint on each Defendant within 120 days of the

21  filing of the amended complaint, the action may be dismissed as to each Defendant not

22  served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil

23  Procedure 16.2(b)(2)(B)(i).

24     8.      The United States Marshal shall retain the summonses, a copy of the amended

25  complaint, and a copy of this order for future use.

26     9       The United States Marshal shall notify Defendants of the commencement of

27  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

28  Rules of Civil Procedure. The notice to Defendants shall include a copy of this order. The

1  Marshal shall file waivers of service of the summonses or requests for waivers that were

2  returned as undeliverable as soon as they are received.  If a waiver of service of summons

3  is not returned by a Defendant within thirty days from the date the request for waiver was

4  sent by the Marshal, the Marshal shall:

5       a.     Personally serve a copy of the summons, amended complaint, and this

6       order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

7       Procedure; and

8       b.  Within 10 days after personal service is effected, file the return of service

9       for the Defendant, along with evidence of the attempt to secure a waiver of service of

10       the summons and of the costs subsequently incurred in effecting service upon the

11       Defendant.  The costs of service shall be enumerated on the return of service form

12       (USM-285) and shall include the costs incurred by the Marshal for photocopying

13       additional copies of the summons, amended complaint, or this order and for preparing

14       new process receipt and return forms (USM-285), if required.  Costs of service will

15       be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of

16       the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

17       10.     A Defendant who agrees to waive service of the summons and amended

18  complaint shall return the signed waiver forms to the United States Marshal, not Plaintiff.

19       11.     Defendants shall answer the amended complaint or otherwise respond by

20  appropriate motion within the time provided by the applicable provisions of Rule 12 of the

21  Federal Rules of Civil Procedure.

22       12.     The case is **referred** to Magistrate Judge Mark Aspey for further proceedings.

23       DATED this 27th day of March, 2007.

24

25

26       David G. Campbell

27       David G. Campbell
     United States District Judge

28